IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**RAY CHARLES LENOIR**                                                **PETITIONER**

**v.**                                                     **No. 1:25CV69-SA-RP**

**MARC MCCLURE**                                                   **RESPONDENT**

**ORDER OF DISMISSAL**

The court takes up, *sua sponte*, the dismissal of this cause. On May 9, 2025, the court entered an order [5] requiring the petitioner, within 21 days, to file his petition for writ of *habeas corpus* on the court's standard form – and to file a certified copy of is prison trust account statements for the six months prior to the date he filed his complaint (as required for the court to rule on the petitioner's request [3] to proceed as a pauper). The court cautioned the petitioner that failure to comply with the order would result in the dismissal of this case without prejudice. Doc. 5. Despite this warning, the petitioner has failed to comply with the court's order, submitting neither the amended petition nor the account certificate, and the deadline for compliance passed on May 30, 2025.

Instead, the petitioner responded to the court's order, arguing that the requirement of providing the certified copy of his prison trust account does not apply in a *habeas corpus* action. Doc. 6. The petitioner is simply incorrect, as the requirement may be found in Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts:

> An original and two copies of the petition must be filed with the clerk and must be accompanied by … a motion to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, *and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.*

Rule 3, Rules Governing Section 2254 Cases (emphasis added).

In sum, the petitioner did not comply with either part of the court's order; as such, this case is **DISMISSED** without prejudice for failure to prosecute and for failure to comply with an order of the court under FED. R. CIV. P. 41(b).

**SO ORDERED**, this, the 14th day of July, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE